**Joseph MANISCALCO, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 78–1591.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 18, 1980.
Decided Oct. 8, 1980.

John M. Rickel, Rickel, Urso, Wokas & Earle, Detroit, Mich., for petitioner–appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Tax Division, U. S. Dept. of Justice, Washington, D. C., Richard Farber, David Allen, Anthony Ilardi, Jr., Stuart E. Seigel, Chief Counsel, Internal Revenue Service, Washington, D. C., for respondent–appellee.

Before BOYCE F. MARTIN and JONES, Circuit Judges, DUNCAN, District Judge.*

* Honorable Robert M. Duncan, United States District Judge for the Southern District of Ohio, sitting by designation.

PER CURIAM.

This appeal involves review of a decision of the United States Tax Court, 37 T.C.M. 1174 (1978), denying taxpayer a deduction for certain claimed expenses and donations. Review jurisdiction of the decision is granted under 26 U.S.C. § 7482.

During the tax year under review, 1974, taxpayer was a full–time professional artist. On his federal tax return for that year he claimed as an advertising and public relations expense his valuation of three paintings which he donated to charitable organizations. He also deducted as charitable contributions his alleged valuation of three portraits also donated to charitable organizations. He also deducted in the tax year and in prior years the costs of the materials that he used to produce the six paintings in issue.

We hold that the Tax Court properly sustained the Commissioner's determination that 26 U.S.C. § 162 does not permit a business expense deduction based on the value of the taxpayer's own labor and that 26 U.S.C. § 170(e) expressly limits taxpayer's charitable contribution deduction for his own labor as an artist to his cost basis.

 The deduction provided in 26 U.S.C. § 162(a) for business expenditures is limited to ordinary and necessary expenses paid or incurred by the taxpayer to carry out his trade or business. In the present case the taxpayer incurred no expense with respect to his paintings other than his cost of materials. Those costs were properly allowed as a deduction. Artists, while a unique segment of the population, must be treated equally with all others by the tax laws. Creativity, unfortunately, does not support a tax deduction as an ordinary and necessary business expense. The value of these paintings was attributable almost exclusively to the creative labor of the taxpayer. The expenditure of such labor does not con-

stitute the payment of an expense within the meaning of 26 U.S.C. § 162. The taxpayer also failed to provide any evidence that the donations were an ordinary and necessary expense of his business as an artist. *See Rockwell v. Commissioner*, 512 F.2d 882, 885–886, (9th Cir. 1975), *cert. denied*, 423 U.S. 1015, 96 S.Ct. 448, 46 L.Ed.2d 386 (1975).

■ With regard to the claimed charitable contribution deduction taken by taxpayer for the value of the three portraits, we are faced squarely with the prohibition of 26 U.S.C. § 170(e). This section precisely limits the charitable deduction allowable to the donor's cost basis in such property. This would apply to any ordinary income property, which would include paintings by an artist, including property held by the donor primarily for sale to customers in the ordinary course of his trade or business.

■ Finally, we find no merit to taxpayer's contention that 26 U.S.C. § 170(e) is unconstitutional. The issue here is, of course, the allowability of an income tax deduction. As was said in *Commissioner v. Sullivan*, 356 U.S. 27, 28, 78 S.Ct. 512, 514, 2 L.Ed.2d 559 (1958), "Deductions are a matter of grace and Congress can, of course, disallow them as it chooses." The argument that this section discriminates against artists is equally without merit. The limitation on deductions contained in this section is not restricted to artists. This section operates to reduce the charitable contribution allowance for the value of any contributed property which is not a capital asset held for more than six months. The section is applicable not only with respect to works of art created by the donor, but with respect to any type of property held by the donor primarily for sale to customers in the ordinary course of business.

The decision of the Tax Court is affirmed.