T.C. Summary Opinion 2001-58


UNITED STATES TAX COURT


ROBERT D. ARONFELD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 6195-99S, 13337-99S.          Filed April 17, 2001.


Robert D. Aronfeld, pro se.

<u>Paul K. Voelker</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  These consolidated cases were heard pursuant to section 7463 in effect at the time the petitions were filed.[1]  The decisions to be entered are not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]    Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $4,859, $279, and $3,812 in petitioner's Federal income taxes for 1995, 1996, and 1997, respectively, and accuracy-related penalties under section 6662(a) of $46.20 and $756.46, respectively, for 1995 and 1997.

After concessions by respondent,[2] the issues for decision are: (1) Whether the statute of limitations under section 6501(a) bars respondent from making assessments against petitioner for the 3 years at issue; (2) whether certain adjustments to petitioner's income for the 3 years at issue are correct; (3) whether petitioner is entitled to itemized deductions for 1995 and for Schedule C trade or business expense deductions for 1996 in excess of amounts allowed by respondent; and (4) whether petitioner is liable for the section 6662(a) penalty for the year 1997.[3]

---

[2] On brief, respondent conceded that the disallowed itemized deductions of $9,770 for 1995 should be reduced to $4,142, that the disallowed Schedule C car and truck expenses of $14,141 for 1996 should be reduced to $11,831, and that petitioner was not liable for the sec. 6662(a) penalty for 1995.

[3] Prior to trial, petitioner filed motions for entry of decision in both docketed cases based on a letter from respondent's Memphis, Tennessee, office that stated that, for petitioner's 1995 and 1996 tax years, there was no tax, interest, or penalties due. Respondent filed objections, which the Court sustained. On brief, petitioner reasserted his claim. Although that issue was resolved by the Court prior to trial, the Court notes that petitioner's claim has no merit. The letter petitioner relies on does not relate to the 1997 tax year, and, moreover, with respect to the 1995 and 1996 tax years, petitioner's account would not show any amount owing because the

(continued...)

Rule 91(a) requires the parties to stipulate all evidence that fairly should not be in dispute. Petitioner refused to execute a written stipulation prepared by respondent that would have placed into evidence copies of petitioner's Federal income tax returns for the years at issue and copies of the notices of deficiency for those years. These documents were admitted into evidence over petitioner's objection. At the time the petitions were filed, petitioner's legal residence was Las Vegas, Nevada.

Petitioner is a retired attorney. He was not engaged in the practice of law during the years at issue. On his 1995 and 1996 Federal income tax returns, he reported wage and salary income as well as income from a trade or business activity described as insurance sales. The wage and salary income reported on the 1995 return came from two family and medical health plans for which the employers issued Internal Revenue Service (IRS) Forms W-2, Wage and Tax Statement. The wage and salary income reported on the 1996 return was from an employer named IMC Trading, Inc., also based on an IRS Form W-2.

---

[3](...continued)
deficiencies at issue in this case cannot be assessed until the Court issues a decision. A "no change" letter issued by respondent does not generally preclude respondent from subsequently issuing a notice of deficiency. Opine Timber Co. v. Commissioner, 64 T.C. 700, 712 (1975), affd. without published opinion 552 F.2d 368 (5th Cir. 1977).

For 1997, petitioner filed what respondent referred to as a zero return for the reason that petitioner listed on the IRS Form 1040 a zero amount for income, adjustments to income, and taxes due but claimed an overpayment of $29.70 in taxes. Petitioner did, however, attach to his return copies of various information returns of amounts paid to him by various payers that included Social Security retirement benefits, nonemployee compensation, and IRS Forms W-2 from several employers. The 1997 return also included a two-page typewritten statement by petitioner extolling the reasons why he was not liable for Federal income taxes. Those reasons can best be described as tax protester arguments.[4]

In the notices of deficiency, respondent made certain adjustments on petitioner's 1995 tax return recategorizing petitioner's reported income and disallowed certain itemized deductions and certain trade or business expenses, including a net operating loss carryover deduction, all for lack of substantiation. The adjustments for 1996 also involved a recategorizing of income and the disallowance of various trade or business expenses.

It does not appear that petitioner was engaged in any trade or business activity during 1997. Respondent determined the

---

[4] Although the record is not clear, it appears that respondent did not accept petitioner's purported return as a return, and, therefore, it was not filed.

deficiency for that year solely from the payer information forms that petitioner included with the zero return he submitted for 1997.

The first issue is petitioner's claim that respondent is barred by expiration of the period of limitations for assessment under section 6501(a). Petitioner's 1995 return was filed timely. His 1996 return was filed on October 22, 1997, and the return for 1997 was received by respondent on October 16, 1998. Respondent mailed the notice of deficiency for the years 1995 and 1996 on January 27, 1999. The notice of deficiency for 1997 was mailed on June 18, 1999.

Section 6501(a) provides generally that taxes imposed by the Internal Revenue Code shall be assessed within 3 years after the return is filed, whether or not such return was filed on or after the date prescribed. Section 6501(c)(3) provides that, in the case of failure to file a return, the tax may be assessed, or a proceeding in Court for the collection of such tax may be begun without assessment, at any time. Calendar year taxpayers are, under section 6072(a), required to file their income tax returns and pay the taxes thereon on or before April 15 following the close of the taxable year.

The Court holds that the notices of deficiency were mailed by respondent well within the time periods provided by section 6501(a). Respondent, therefore, is not barred from the

assessment and collection of taxes against petitioner for the 3 years at issue.

With respect to the adjustments in the notices of deficiency, petitioner neither presented evidence nor provided any testimony relating to respondent's adjustments for the 3 years in question. Petitioner's testimony dwelled on the letter he received from respondent's Memphis, Tennessee, office stating that he owed no taxes for 1995 and 1996. See supra note 3. In addition, petitioner testified that he had "a lot of constitutional questions that I can't raise here, which I've asked to be raised in a District Court, which I've already filed suit."[5] However, petitioner did not deny receiving the amounts paid to him that various payers reported to respondent. Petitioner presented no testimony or documentary evidence to substantiate the various itemized deductions and trade or business expenses respondent disallowed for lack of substantiation. Petitioner concluded his testimony with the statement that his case rested on "constitutional questions I want to raise up in the Federal District Court, and that will, hopefully, include taxes that I may or may not owe." On brief, petitioner argued the same constitutional objections, all of

---

[5] In his brief, petitioner identified the case as docket No. CV-S-00-535-LDG (RLH), Federal District Court, District of Nevada, 9th District, in which he is claiming the U.S. Tax Court has no jurisdiction over him.

which relate to arguments generally raised by protesters, the merits of which need not be addressed here. Suffice it to say that petitioner has not established that respondent's adjustments are in error. Therefore, the adjustments referred to and described as issues 2 and 3 are sustained.

The final issue is whether petitioner is liable for the accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations for the year 1997. Section 6662(a) provides that, if it is applicable to any portion of an underpayment in taxes, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which section 6662 applies. Section 6662(b)(1) provides that section 6662 shall apply to any underpayment attributable to negligence or disregard of rules or regulations.

Section 6662(c) provides that the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. See Neely v. Commissioner, 85 T.C. 934, 947 (1985). Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. See sec. 1.6662-3(b)(1), Income Tax

Regs.  Under section 6664(c), no penalty shall be imposed under section 6662(a) with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion.  The determination of whether a taxpayer acted with reasonable cause and in good faith depends upon the facts and circumstances of each particular case.  See sec. 1.6664-4(b)(1), Income Tax Regs.  Relevant factors include the taxpayer's efforts to assess his or her proper tax liability, the knowledge and experience of the taxpayer, and reliance on the advice of a professional, such as an accountant.  See Drummond v. Commissioner, T.C. Memo. 1997-71.  However, the most important factor is the extent of the taxpayer's effort to determine the taxpayer's proper tax liability.  See sec. 1.6664-4(b)(1), Income Tax Regs.  An honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith. See Remy v. Commissioner, T.C. Memo. 1997-72.

Petitioner made an insufficient effort to determine his proper tax liability for 1997 by submitting to respondent a return that disavowed any income or any tax liability in spite of the receipt by petitioner during the years of income payments that, in previous years, petitioner had reported.  There was no reasonable or honest misunderstanding of fact or law by

petitioner.   Imposition of the section 6662(a) penalty in this case is amply justified and, therefore, is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decisions will be entered under</u>

<u>Rule 155 in docket No. 6195-99S and</u>

<u>for respondent in docket No. 13337-99S.</u>