T.C. Summary Opinion 2011-97

UNITED STATES TAX COURT

RICHARD MONDELLO AND WIPAPAN KONCHOM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9316-10S.                    Filed July 25, 2011.

Richard Mondello and Wipapan Konchom, pro sese.

<u>Nicholas J. Singer</u>, for respondent.

DEAN, <u>Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue,

and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' 2007 Federal income tax of $15,399 and an accuracy-related penalty under section 6662(a) of $3,079.

The issues for decision are whether petitioners are entitled to: (1) Itemized deductions in excess of those respondent allowed; (2) a deduction on Schedule C, Profit or Loss From Business, for an accrued payment to Richard Mondello (petitioner); and (3) whether petitioners are liable for the accuracy-related penalty under section 6662(a).

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. Petitioners resided in California when the petition was filed.

## Background

In 2007 petitioner was an employee of an employer whose identity is not part of the record. He is also the owner of a Web site business entitled www.uniformoutletonline.com (Web site). Petitioners deducted on their Federal income tax return for 2007 unreimbursed employee business expenses of $20,515 and on Schedule C of the return a $50,000 accrual for "contract labor" petitioner performed for his own business. Respondent disallowed both deductions, which increased petitioners' adjusted

gross income and thereby reduced the amount of petitioners'
allowable deductions for medical expenses for the year.[1]

Petitioners provided no document describing the
reimbursement policy of petitioner's employer. Petitioners have
no documents substantiating any of the employee business expenses
they deducted on the return.

Petitioner operated his Web site business using the accrual
method of accounting. In 2007 petitioner worked 1,000 hours
developing the Web site. Petitioner charges unrelated parties
between $45 and $55 an hour for performing work similar to that
which he performed on his Web site development. Petitioner's
proprietorship, the Web site, did not pay him for any services he
performed for himself. Petitioner's proprietorship accrued
$50,000 as a liability for payment to petitioner for his work to
set up his Web site, and the accrued expense was deducted on
Schedule C of the return.

## Discussion

Generally, the Commissioner's determinations in a notice of
deficiency are presumed correct, and the taxpayer has the burden
of proving that those determinations are erroneous. See Rule
142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some

---

[1]For tax years beginning before Jan. 1, 2013, expenses for
medical care not compensated for by insurance are deductible to
the extent they are in excess of 7.5 percent of adjusted gross
income. See sec. 213(a).

cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). The Court, however, finds that petitioners have not met the requirements of section 7491(a), and the burden of proof does not shift to respondent.

Petitioners' Deductions

As the Court must often state, deductions are strictly a matter of legislative grace, and a taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934); Welch v. Helvering, supra. Moreover, taxpayers are required to maintain records that are sufficient to substantiate their deductions. Sec. 6001. As petitioners offered no evidence to substantiate their unreimbursed business expenses, respondent's determination is sustained.

On the issue of his accrual, petitioner testified that he is an accountant. As an accountant petitioner should be familiar with the concept of imputed or implicit expenses or costs (imputed expenses). Imputed expenses are the opportunity costs of time and capital that the manager of a business has invested in producing "the given quantity of production and the opportunity cost of making a particular choice" among alternatives. Siegel & Shim, Dictionary of Accounting Terms (Barron's Business Guides) 234 (5th ed. 2010). An imputed

expense is one that is not actually incurred but is used to compare with an actual cost. Oxford Dictionary of Accounting 227 (Gary Owen & Jonathan Law eds., 4th ed. 2010); Tracy, Accounting for Dummies 237 (3d ed. 2005). An imputed cost is not recorded in the books of account and is not accurately measurable but is a hypothetical cost used in making comparisons; an example is "salaries of owner-directors of sole proprietorship firms." Rajasekaran & Lalitha, Cost Accounting 12 (2011).

From an accounting standpoint, the time petitioner spent on his own Web site instead of earning $45 to $55 an hour from unrelated parties is an opportunity cost, an imputed expense to petitioner and his business. It is not an incurred expense, is not reflected in the financial statements, and is not an actual cost.

Section 162 allows deductions for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Section 212 allows deductions for all the ordinary and necessary expenses paid or incurred during the taxable year for the production of income or the management or maintenance of property held for the production of income. Only expenses paid or incurred are deductible as expenses under sections 162 and 212.

Respondent cited several cases for petitioners' and the Court's consideration on this issue. In Maniscalco v.

Commissioner, T.C. Memo. 1978-274, affd. 632 F.2d 6 (6th Cir. 1980), the Court observed that "Whatever may be said in behalf of taking into account the value of one's own services in lieu of paid labor, such services are not considered an element of the deduction under section 162(a), just as the flow of satisfaction from services arising from one's own labor is not includible in his gross income."  In Grant v. Commissioner, 84 T.C. 809, 820 (1985), affd. without published opinion 800 F.2d 260 (4th Cir. 1986), the Court said that the expenditure of a taxpayer's labor does not constitute the taxpayer's payment of a deductible business expense, and the taxpayer is not allowed a deduction under section 162(a).  And in Rink v. Commissioner, 51 T.C. 746, 753 (1969), the Court pointed out to the taxpayer that imputed income as a result of his receipt of the benefit of his own services is not taxable under our system and neither is an imputed expense arising from his own exertions a deduction from income.  "Labor performed by a taxpayer does not constitute an amount 'paid or incurred' by him, and consequently, cannot be deducted by him under section 162".  Id.

Petitioner argues that all these cases involve cash basis taxpayers, and he agrees that a cash basis taxpayer cannot deduct a payment to himself in the same year.  However, he argues inexplicably that because his business was on the accrual method the cases respondent cites not only are inapposite but also

support his position.[2]  Perhaps petitioner did not read <u>Rink</u> or he failed to read it carefully.  The Court pointed out in that case that the taxpayer took the position, as petitioner does, that "he should be permitted to accrue currently, as a liability, amounts owed by him to himself on account of his labors, but include the value of such labor in income only when and if such labor gives rise" to income in the future.  The Court found the argument to be without any merit; "For one thing, we have found that the petitioner <u>incurred no liability</u>, in favor of himself or anyone else, to pay for the value of his services."  <u>Id.</u> at 753-754 (emphasis added).

The Supreme Court has held that the standard for determining when an expense has been "incurred" for Federal income tax purposes is the "all events" test.  <u>United States v. Hughes Props., Inc.</u>, 476 U.S. 593 (1986); see sec. 1.461-1(a)(2), Income Tax Regs.  Under the regulations, the all events test has three requirements, all of which must be satisfied before accrual of an expense is proper:  (1) All the events must have occurred which establish the fact of the liability; (2) the amount of the liability must be determinable with reasonable accuracy; and (3)

---

[2]Petitioner cited <u>Remy v. Commissioner</u>, T.C. Memo. 1997-72, as supporting his position.  The Court in that case held that a cash basis taxpayer could not deduct the value of his labor under sec. 162 because it was not paid or incurred.  Petitioner interprets the case to mean that an accrual basis taxpayer <u>can</u> deduct the value of his labor, a logical fallacy.

economic performance has occurred with respect to the liability. Sec. 1.461-1(a)(2)(i), Income Tax Regs. The Court need only decide the issue of the first requirement, although none of the requirements has been proved by petitioners.

The Supreme Court stated in Hughes Props., Inc., that in order to satisfy the all events test, the liability must be final, definite in amount, and unconditional, and all the events must have occurred that will make it fixed and certain. Under the accrual method a taxpayer is not entitled to deduct an expense "if there is no legal obligation during the taxable year to make such payment." E.H. Sheldon & Co. v. Commissioner, 214 F.2d 655, 656 (6th Cir. 1954), affg. in part and revg. in part 19 T.C. 481 (1952). The word "liability" means "The quality or state of being legally obligated or accountable; legal responsibility to another or to society, enforceable by civil remedy or criminal punishment". Black's Law Dictionary 997 (9th ed. 2009). Should petitioner have "refused" or become unable to pay himself, there would have been no legal consequence. He would not seek forced collection from himself, nor would he be able to sue himself in a court of law to obtain a judgment against himself for any amounts he "owed" to himself, even if he were so inclined. There was no legal obligation during the taxable year, or any other year for that matter, for petitioner to pay himself anything.

Neither accounting principles, tax law, nor common sense supports a deduction by petitioners for contract labor as a result of an accrual of an amount "owed" by petitioner to himself for his own labor.

Accuracy-Related Penalty

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164, affd. 378 F.3d 432 (5th Cir. 2004). In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or the addition to tax is appropriate. Higbee v. Commissioner, supra at 446.

Respondent determined that for 2007 petitioners underpaid a portion of their income tax on account of negligence or disregard of rules or regulations or a substantial understatement of income tax.

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment of tax attributable to any one of various factors, including negligence or disregard of rules or regulations and a substantial understatement of income tax. See sec. 6662(b)(1) and (2). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the

Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

A "substantial understatement" includes an understatement of income tax that exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Petitioners have a substantial understatement of income tax for 2007 since the understatement amount will exceed the greater of 10 percent of the tax required to be shown on the return or $5,000. The Court concludes that respondent has produced sufficient evidence to show that the accuracy-related penalty under section 6662(a) is appropriate for 2007.

The accuracy-related penalty will apply unless petitioners demonstrate that there was reasonable cause for the underpayment and that they acted in good faith with respect to the underpayment. See sec. 6664(c). Section 1.6664-4(b)(1), Income Tax Regs., specifically provides: "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer."

Petitioners did not show that there was reasonable cause for, and that they acted in good faith with respect to, the underpayment.

Respondent's determination of the accuracy-related penalty under section 6662(a) for 2007 is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.