T.C. Summary Opinion 2018-13

UNITED STATES TAX COURT

JAMES EDWARD BRADLEY, JR., AND MARGARET LETITIA HAYES-HUNTER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1053-17S.                    Filed March 19, 2018.

James Edward Bradley, Jr., and Margaret Letitia Hayes-Hunter, pro sese.

Joseph T. Maher, Jr., for respondent.

SUMMARY OPINION

PANUTHOS, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated October 27, 2016, respondent determined a deficiency of $12,748 in petitioners' 2014 Federal income tax and a section 6662(a) accuracy-related penalty of $2,550.  After concessions,[2] the issue for decision is whether petitioners are entitled to a deduction for research expenses related to petitioner James Edward Bradley's litigation consulting business for the year in issue.

## Background

This case was submitted fully stipulated.  The stipulation of facts and stipulation of settled issues are incorporated herein by this reference.  Petitioners resided in Delaware when their petition was timely filed.

---

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round monetary amounts to the nearest dollar.

[2]The Internal Revenue Service (IRS) made a number of adjustments to petitioners' 2014 Form 1040, U.S. Individual Income Tax Return.  Petitioners have conceded other adjustments including the sec. 6662(a) penalty.

During 2014 Mr. Bradley (sometimes hereinafter petitioner) provided services as a litigation consultant operating as a sole proprietorship. Petitioner used the cash accounting method for this activity. Petitioner billed clients at an hourly rate of $250. During 2014 he also performed 100 hours of pro bono legal research, reviewing evidence, and preparing expert testimony regarding the standard of care owed to plaintiffs for a civil action in the District of Columbia (standard of care project).[3] Petitioner performed only legal research and did not conduct experiments or work in a laboratory. Petitioner did not incur or pay for any expenses related to the standard of care project.

Petitioners timely filed a 2014 Form 1040 reporting wage income of $190,374, pension or annuity income of $43,677, and a taxable refund of State and local income taxes of $6,168. Petitioners claimed itemized deductions for expenses totaling $57,557, including the following: (1) $7,199 for real estate taxes, (2) $8,800 for charitable gifts by cash or check, and (3) $9,000 for legal fees. Petitioners reported $8,525 in gross receipts on Schedule C, Profit or Loss From Business, from Mr. Bradley's litigation consulting business. Petitioners also claimed $38,037 in expense deductions on the Schedule C, including $2,240 for

---

[3]The record does not reflect the identity of the individual(s) or entity that received the benefit of petitioner's pro bono services. See infra note 6.

utilities and $25,000 described as "Research on Cases 100 Hrs @ $250 per hr" (research expenses). The $38,037 in deductions claimed resulted in a reported Schedule C loss of $29,512, which offset petitioners' wage and other income. Petitioners' 2014 Form 1040 reflected tax of $28,025, withholding of $24,482, an estimated tax payment of $3,558, and an overpayment of $15.

In the notice of deficiency the IRS determined that petitioners failed to report (1) $1,268 of gross receipts for Mr. Bradley's sole proprietorship, (2) $2,475 of other income, and (3) $1,167 of capital gain income. The IRS disallowed the claimed Schedule C deductions for utilities and research expenses and the claimed itemized deductions for legal fees and charitable gifts by cash or check. The IRS also determined that petitioners are entitled to an additional itemized deduction of $321 for real estate taxes.

Petitioners timely filed a petition in which they assert that Mr. Bradley has a "unique specialty" and is an "expert * * * in the establishment of a National Standard of Care in Police Procedure" and that his claimed research expenses were for "research and development of a product and technique * * * his expertise". As previously indicated, petitioners dispute only the disallowance of the claimed deduction for research expenses.

## Discussion

I.    Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction or credit claimed. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must comply with specific requirements for any deductions claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. at 440. Taxpayers must also maintain adequate records to substantiate the amounts of any credits and deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners did not allege or otherwise show that section 7491(a) applies. See sec. 7491(a)(2)(A) and (B). Therefore, petitioners bear the burden of proof. See Rule 142(a).

II.     Section 162 Deduction

Section 162(a) permits a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  The term "'paid or incurred' * * * shall be construed according to the method of accounting upon the basis of which the taxable income is computed under subtitle A."  Sec. 7701(a)(25); see also sec. 461(a).  Subject to exceptions not applicable here,[4] under the cash method of accounting, expenditures are deducted for the taxable year in which paid.  Sec. 461(a); sec. 1.461-1(a)(1), Income Tax Regs.

It is well established that section 162 does "not permit a business expense deduction based on the value of the taxpayer's own labor".  Maniscalco v. Commissioner, 632 F.2d 6, 7 (6th Cir. 1980), aff'g T.C. Memo. 1978-274; see also Remy v. Commissioner, T.C. Memo. 1997-72, 1997 WL 52446, at *4.  The expenditure of labor "does not constitute the payment of an expense within the meaning" of section 162.  Maniscalco v. Commissioner, 632 F.2d at 7-8; see also Grant v. Commissioner, 84 T.C. 809, 820 (1985), aff'd without published opinion, 800 F.2d 260 (4th Cir. 1986).  In Grant v. Commissioner, 84 T.C. at 819-820, the

---

[4]Including deductions for depreciation, depletion, and losses under secs. 167, 611, and 165, respectively.

taxpayer, an attorney, provided pro bono legal services in a divorce proceeding and sought to deduct the value of that time because (1) the "publicity helped his law practice" and (2) the performance of such pro bono work was a "requirement of his trade or business".  The Court held that an attorney performing pro bono work may not deduct the value of his legal services rendered "[s]ince the expenditure of * * * labor does not constitute * * * payment of a deductible business expense".  Id. at 820.

As indicated, petitioner's business operated on the cash method of accounting and therefore petitioner may deduct only those ordinary and necessary expenses paid during the taxable year.  Petitioners concede that there was not an outlay of moneys for the claimed expense; rather, the claimed amount was calculated on the basis of the value of Mr. Bradley's time multiplied by the amount of time he spent on the pro bono standard of care project.[5]  Petitioners' claimed deduction is based solely on the value of Mr. Bradley's labor; therefore petitioners are not entitled to the claimed deduction under section 162.

_____

[5]The parties stipulated that petitioner's billable rate for 100 hours was $250 per hour.

III.    Section 174 Deduction

Petitioners assert in the alternative that the purported expense for uncompensated services is deductible under section 174. Section 174(a)(1) provides that a taxpayer may deduct "research or experimental expenditures which are paid or incurred by him during the taxable year in connection with his trade or business". As used in section 174, the term "research and experimental" expenditures are those incurred "in the experimental or laboratory sense." Sec. 1.174-2(a), Income Tax Regs. Petitioners concede and the record reflects that Mr. Bradley did not conduct research in the experimental or laboratory sense.[6]

---

[6]Petitioners attached to their petition and opening brief a number of documents which were not made a part of the record. Petitioners assert that these documents relate to the nature of the research and development that Mr. Bradley conducted. Rule 143(c) provides that ex parte affidavits or declarations and statements in briefs do not constitute evidence. Similarly, attachments to briefs do not constitute evidence and may not be considered. See Judy v. Commissioner, T.C. Memo. 1997-232, 1997 WL 264268, at *4. The record consists of the stipulation of settled issues (reflecting the relevant concessions by petitioners), the stipulation of facts, and attached exhibits. The Court notes that the petition was filed on January 13, 2017, and by order dated January 18, 2017, the Court notified the parties that the documents attached to the petition were not received into evidence and that evidentiary materials could be offered at the time of trial. Despite their not being made a part of the record, the Court has reviewed the documents and concluded that they are redundant or immaterial to the issue before the Court. Thus, even if the documents attached to the petition and petitioners' opening brief had been made a part of the record, they would not have affected the outcome of this case.

Because his activities do not meet the requirements of section 174, petitioners are not entitled to a deduction under this section.

Further, even if petitioner's activities met the threshold requirement of being research or experimental, it does not appear that the value of his time qualifies as a deductible expense under section 174. Section 174 uses the same "paid or incurred" wording as section 162. Unless expressly provided otherwise or "manifestly incompatible with the intent" of the title, the term "paid or incurred" is given the same meaning where used throughout subtitle A. See sec. 7701(a). Further, "[i]t is a well-established principle of statutory construction that a statute must be interpreted as a symmetrical and coherent regulatory scheme, * * * and courts consider the entire legislative scheme of which the particular provision is a part." TG Missouri Corp. v. Commissioner, 133 T.C. 278, 290-291 (2009) (citing Gustafson v. Alloyd Co., 513 U.S. 561 (1995) (other internal citations omitted)). For the same reasons previously discussed, petitioners are not entitled to a deduction on the basis of the value of time expended by Mr. Bradley.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.