T.C. Summary Opinion 2002-16

UNITED STATES TAX COURT

WING YIU KWAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9761-00S.                    Filed February 25, 2002.

Wing Yiu Kwan, pro se.

<u>Charlotte A. Mitchell</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]   Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $5,860 in petitioner's Federal income tax for 1997 and an accuracy-related penalty under section 6662(a) of $933.40.

Following concessions by the parties,[2] the issues remaining for decision are: (1) Whether petitioner is entitled to a deduction for car and truck expenses in excess of that allowed by respondent in connection with a trade or business activity of petitioner known as Partners Travel; (2) whether petitioner is entitled to a depreciation/section 179 expense deduction in connection with Partners Travel in excess of that allowed by respondent; (3) whether petitioner is entitled to a $1,950 deduction for travel, meals, and entertainment expenses in connection with Partners Travel; and (4) whether petitioner is liable for the accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by

---

[2] Petitioner conceded that he is not entitled to claim three dependency exemptions totaling $7,950 and that he failed to report $43 in trade or business gross receipts. Respondent conceded that petitioner is entitled to Schedule C, Profit or Loss From Business, deductions for rent or lease expenses of $1,400 and utilities expenses of $180. Respondent also made partial concessions in connection with Schedule C car and truck expenses and depreciation/section 179 expense deductions. These concessions by respondent are detailed in the consideration of the relevant issues.

reference. At the time the petition was filed, petitioner's legal residence was San Francisco, California.

Petitioner has a degree in electrical engineering from the University of California at Berkeley. During the year at issue, petitioner was employed as an electrical engineer by the transportation department of the State of California known as Caltrans. At that time, petitioner designed electrical lighting systems for California freeways. At the time of trial, petitioner was employed by Caltrans as an inspector of electrical systems.

Petitioner also conducted a trade or business activity during the year at issue known as Partners Travel (Partners). Under the Partners name, petitioner conducted three different types of business activities: (1) A travel agency; (2) a computer-assisted long-distance telecommunications service to provide customers with low rate phone calls from Mainland China to the United States; and (3) a silk import activity.

On his Federal income tax return for 1997, petitioner reported wage income of $69,979 from the State of California and claimed dependency exemption deductions for two brothers, one sister, and one aunt, totaling four dependency exemptions. Petitioner also included with his return a Schedule C, Profit or Loss From Business, in connection with Partners. On this

Schedule C, petitioner reported, in pertinent part, the following items of income and expense:

Income:

| | |
|---|---|
| Gross receipts | $ 150 |
| Gross income | 150 |

Expenses:

| | |
|---|---|
| Car and truck | $ 2,802 |
| Depreciation/sec. 179 | 19,632 |
| Rent or lease | 2,100 |
| Travel | 1,800 |
| Meals and entertainment[1] | 300 |
| Utilities | 1,400 |

[1] Petitioner reported meals and entertainment expenses of $300 but, pursuant to sec. 274(n)(1), claimed a deduction for only $150 of such expenses. Under sec. 274(n)(1), a deduction is allowable for only 50 percent of meals and entertainment expenses incurred.

After deducting various other Schedule C expenses not at issue, petitioner reported a net loss from Partners of $29,409.

In the notice of deficiency, respondent disallowed three of the four dependency exemption deductions and determined that petitioner failed to report gross receipts of $43 in connection with Partners. Respondent also disallowed the following amounts of the Schedule C expenses:

| | |
|---|---|
| Car and truck | $ 2,500 |
| Depreciation/sec. 179 | 17,479 |
| Rent or lease | 1,400 |
| Travel | 1,800 |
| Meals and entertainment | 300 |
| Utilities | 180 |

Respondent also determined that petitioner was liable for the accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations in the amount of $933.40.

Petitioner conceded the adjustments to his dependency exemption deductions and the Schedule C gross receipts. Respondent conceded the adjustments to petitioner's Schedule C rent or lease expenses and utilities expenses. As detailed below, respondent made partial concessions with respect to the Schedule C car and truck expenses and depreciation/section 179 expense deduction.

The first issue is whether petitioner is entitled to a deduction for car and truck expenses in excess of the amount allowed by respondent. Petitioner claimed Schedule C car and truck expenses of $2,802 for mileage during 1997; i.e., approximately 8,900 miles at 31.5 cents per mile. In the notice of deficiency, respondent disallowed $2,500 of the claimed amount; however, prior to trial, respondent conceded that petitioner was entitled to deduct an additional $870 for car and truck expenses. Thus, the remaining amount of car and truck expenses in dispute is $1,630.

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. To qualify for the deduction,

an expense must be both ordinary and necessary within the meaning of section 162(a).  Deputy v. duPont, 308 U.S. 488, 495 (1940).

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deductions claimed.  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).[3]  Moreover, a taxpayer is required to maintain records sufficient to establish the amount of his or her income and deductions.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Under certain circumstances where a taxpayer establishes entitlement to a deduction but does not establish the amount of the deduction, the Court is allowed to estimate the amount allowable.  Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). In the case of travel expenses, however, specifically including meals and lodging while away from home, as well as in the case of entertainment expenses and expenses with respect to listed

---

[3]   The Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, sec. 3001, 112 Stat. 726, added sec. 7491, which, under certain circumstances, places the burden of production on the Secretary with respect to a taxpayer's liability for taxes, penalties, and additions to tax in court proceedings arising in connection with examinations commencing after July 22, 1998.  The record is unclear as to whether the examination of petitioner's return commenced before or after July 22, 1998.  Nevertheless, the burden of proof with respect to the items of deficiency did not shift to respondent because petitioner did not provide substantiation and credible evidence in connection therewith.  Higbee v. Commissioner, 116 T.C. 438 (2001).  Moreover, respondent has satisfied the burden of production with respect to the accuracy-related penalty under sec. 6662(a).

property, section 274(d) overrides the so-called <u>Cohan</u> doctrine.

<u>Sanford v. Commissioner</u>, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1995). Section 274(d) imposes stringent substantiation requirements for deductions related to travel, entertainment, gifts, and "listed property (as defined in section 280F(d)(4))". Passenger automobiles are listed property under section 280F(d)(4)(i). Section 274(d) denies these deductions unless:

> the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift. * * *

Thus, under section 274(d), deductions for automobile expenses, travel expenses, and meals and entertainment expenses may not be estimated. Instead the taxpayer must provide adequate records or corroborate testimony with other evidence.

The limited amount of evidence submitted by petitioner in support of the remaining disputed car and truck expenses is insufficient to satisfy the strict substantiation requirements of section 274(d). Accordingly, on this record, the Court holds that petitioner is not entitled to deduct car and truck expenses

in connection with Partners in excess of the amount allowed by respondent.

The second issue is whether petitioner is entitled to a Schedule C depreciation/section 179 expense deduction in excess of the amount allowed by respondent.  Petitioner claimed a depreciation/section 179 expense deduction of $19,632 on his return.  Although not entirely clear from the record, it appears that petitioner claimed the subject deduction in connection with 10 or 11 computers purchased for use in the travel agency activity of Partners, as well as for computer parts and related equipment.

It appears that the cost of the computers totaled $23,085, which exceeded the $18,000 limitation for a section 179 expense deduction for the year at issue.[4]  Thus, petitioner claimed a section 179 expense deduction of $18,000 and claimed depreciation on the excess cost using the 5-year modified accelerated cost recovery system (MACRS), which resulted in a 1997 depreciation deduction of $1,348 with respect to the excess cost.  Petitioner also used the 7-year MACRS to depreciate computer repair tools, resulting in a 1997 depreciation deduction of $284.  These amounts totaled $19,632, the depreciation/section 179 expense deduction claimed on petitioner's 1997 return.

---

[4]     See following discussion of sec. 179(b)(1).

In the notice of deficiency, respondent disallowed $17,479 of the claimed deduction; however, prior to trial, respondent conceded that petitioner was entitled to an additional $284 depreciation deduction in connection with the computer repair tools. This reduced the depreciation/section 179 expense deduction in dispute to $17,195.

Section 167(a) allows taxpayers a depreciation deduction for the exhaustion and wear and tear of property used in a trade or business or held for the production of income. Property becomes depreciable at the time it is placed in service. Piggly Wiggly S., Inc., v. Commissioner, 84 T.C. 739, 745 (1985), affd. on another issue 803 F.2d 1572 (11th Cir. 1986); Clemente v. Commissioner, T.C. Memo. 1985-367; sec. 1.167(a)-10(b), Income Tax Regs. Property is considered placed in service when it is ready and available for a specifically assigned function. Piggly Wiggly S., Inc., v. Commissioner, supra; Williams v. Commissioner, T.C. Memo. 1987-308; sec. 1.167(a)-11(e)(1)(i), Income Tax Regs.

Section 179 allows a taxpayer to elect to treat the cost of section 179 property as a current expense in the year such property is placed in service, within certain dollar limitations. Sec. 179(a). An election under section 179 must be made on the taxpayer's original return for the taxable year or an amended return filed timely. Sec. 179(c)(1)(B); sec. 1.179-5(a), Income

Tax Regs. Once made, this election may not be revoked "except with the consent of the Secretary." Sec. 179(c)(2); accord sec. 1.179-5(b), Income Tax Regs. Moreover, the taxpayer shall maintain records that permit specific identification of each piece of section 179 property and reflect how and from whom such property was acquired and when such property was placed in service. Sec. 1.179-5(a), Income Tax Regs.

The expense deduction under section 179(a) for any tax year "shall not exceed the aggregate amount of taxable income of the taxpayer for such taxable year which is derived from the active conduct by the taxpayer of any trade or business during such taxable year"; however, any amount so disallowed may be carried forward to later taxable years. Sec. 179(b)(3)(A) and (B). Taxable income derived from a trade or business is computed without taking into account any deduction allowable under section 179(a). Sec. 179(b)(3)(C). Additionally, for 1997, the allowable deduction under section 179(a) was limited to $18,000. Sec. 179(b)(1).

Petitioner presented no documentary evidence to prove the purchase, identity, or cost of the computers and other related equipment for which he claimed a depreciation/section 179 expense deduction for 1997. Moreover, petitioner had no taxable income from a trade or business for the year at issue because his allowable trade or business expenses (not including the section

179 expense deduction) far exceeded his trade or business income. Therefore, petitioner is not entitled to any section 179 expense deduction for 1997. Sec. 179(b)(3)(A). Additionally, petitioner failed to produce any evidence to substantiate his entitlement to a depreciation deduction greater than that allowed by respondent in the notice of deficiency and conceded by respondent prior to trial. Accordingly, the Court holds that petitioner is not entitled to a depreciation/section 179 expense deduction in connection with Partners in excess of the amount allowed by respondent.

The third issue is whether petitioner is entitled to a $1,950 deduction for travel, meals, and entertainment expenses in connection with Partners. On Schedule C, petitioner claimed travel expenses of $1,800 and meals and entertainment expenses of $300. Because section 274(n)(1) limits a deduction for meals and entertainment to 50 percent of expenses incurred, petitioner claimed deductions of $1,800 for travel and $150 for meals and entertainment, totaling $1,950. Petitioner contends that these expenses were incurred in connection with two trips to China during 1997. Respondent disallowed this deduction in full.

As stated previously, expenses for travel, meals, and entertainment are subject to the strict substantiation requirements of section 274(d). Moreover, section 1.162-2(b)(1), Income Tax Regs., provides that, if travel expenses are incurred

for both business and other purposes, such expenses are deductible only if the travel is primarily related to the taxpayer's trade or business. If a trip is primarily personal in nature, expenses incurred are not deductible even if the taxpayer engaged in some business activities at the destination. Id.

Whether travel is related primarily to the taxpayer's trade or business or is primarily personal is a question of fact. Sec. 1.162-2(b)(2), Income Tax Regs.; see also Holswade v. Commissioner, 82 T.C. 686, 698, 701 (1984). The amount of time during the period of the trip that is devoted to personal activity, compared to the amount of time devoted to activities directly relating to the taxpayer's trade or business, is an important factor in determining whether the trip is primarily personal. Sec. 1.162-2(b)(2), Income Tax Regs. The taxpayer must prove that the trip was primarily related to the trade or business. Rule 142(a).

Petitioner submitted no documentary evidence to support the claimed deduction for travel, meals, and entertainment expenses. Petitioner admitted that he both conducted business and visited family on his trips to China. The evidence submitted by petitioner in support of the travel, meals, and entertainment expenses is insufficient to satisfy the strict substantiation requirements of section 274(d). Furthermore, the Court is not satisfied that petitioner's trips to China were primarily related

to his trade or business rather than primarily personal in nature. Accordingly, on this record, the Court holds that petitioner is not entitled to the Schedule C deduction for travel, meals, and entertainment expenses.

The final issue is whether petitioner is liable for the accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations. Section 6662(a) provides that, if it is applicable to any portion of an underpayment in taxes, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which section 6662 applies. Section 6662(b)(1) provides that section 6662 shall apply to any underpayment attributable to negligence or disregard of rules or regulations.

Section 6662(c) provides that the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances and includes any failure to keep adequate books and records or to substantiate items properly. Neely v. Commissioner, 85 T.C. 934, 947 (1985); sec. 1.6662-3(b)(1), Income Tax Regs.

However, under section 6664(c), no penalty shall be imposed under section 6662(a) with respect to any portion of an

underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. The determination of whether a taxpayer acted with reasonable cause and in good faith depends upon the facts and circumstances of each particular case. Sec. 1.6664-4(b)(1), Income Tax Regs. Relevant factors include the taxpayer's efforts to assess his or her proper tax liability, the knowledge and experience of the taxpayer, and reliance on the advice of a professional, such as an accountant. Drummond v. Commissioner, T.C. Memo. 1997-71. The most important factor is the extent of the taxpayer's effort to determine the taxpayer's proper tax liability. Sec. 1.6664-4(b)(1), Income Tax Regs. An honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith. Remy v. Commissioner, T.C. Memo. 1997-72.

In the notice of deficiency, respondent applied the section 6662(a) penalty to all adjustments with the exception of the adjustments to petitioner's dependency exemptions and Schedule C gross receipts. The underpayment upon which the penalty was computed resulted from respondent's partial disallowance of petitioner's claimed Schedule C car and truck expenses, depreciation/section 179 expense deduction, rent or lease expenses, and utilities expenses, along with respondent's total

disallowance of the claimed travel, meals, and entertainment expenses.

As discussed above, respondent conceded in full the adjustments to petitioner's claimed rent or lease expenses and utilities expenses. Respondent also conceded $870 of the adjustment to petitioner's claimed car and truck expenses and $284 of the adjustment to petitioner's claimed depreciation/section 179 expense deduction. The remaining adjustments in the notice of deficiency, to petitioner's claimed car and truck expenses, depreciation/section 179 expense deduction, and travel, meals, and entertainment expenses have been sustained by the Court. Petitioner's evidence fell short of what was required to allow the bulk of the claimed car and truck expenses and depreciation/section 179 expense deduction, or any of the claimed travel, meals, and entertainment expenses. Furthermore, petitioner presented no evidence to show that he used due care in claiming the disputed items on his 1997 return that were subsequently adjusted in the notice of deficiency and sustained by this Court in favor of respondent, nor did petitioner present evidence to show that he had reasonable cause to claim such items. Petitioner failed to maintain adequate books and records to support the majority of the costs and deductions at issue herein. Therefore, the Court finds that petitioner negligently or intentionally disregarded rules or regulations with regard to the adjustments in the notice of

deficiency that were sustained by this Court.  Accordingly, the accuracy-related penalty under section 6662(a) is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155.</u>