T.C. Summary Opinion 2005-174

UNITED STATES TAX COURT

RICHARD ALAN CRONK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4544-04S.                    Filed November 29, 2005.

Richard Alan Cronk, pro se.

<u>Aimee R. Lobo-Berg</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>: This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered

---

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.  The Court decides this case without regard to the
burden of proof, except that, with respect to the addition to tax
and the penalty, the burden of proof is on respondent.  Sec.
7491.

is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $8,579 in petitioner's Federal income tax for the year 2001, an addition to tax under section 6651(a)(1) in the amount of $410, and an accuracy-related penalty under section 6662(a) in the amount of $1,716.

The issues for decision are: (1) Whether petitioner realized interest income from the redemption during 2001 of series E U.S. savings bonds inherited from his mother; (2) whether petitioner is liable for the addition to tax under section 6651(a)(1); and (3) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Lake Oswego, Oregon.

Petitioner is an accountant and was employed as finance manager for the County Housing Authority at Lake Oswego, Oregon. His work generally consisted of maintaining the books and records of his employer as well as handling financial transactions such as grants, loans, and the like between his employer and the U.S. Department of Housing and Urban Development.

The facts in this case are not in dispute. Petitioner's mother, Esther G. Cronk, died on June 3, 1999. She left a last

will and testament and, under the terms of that will, bequeathed her entire estate to petitioner. The will was duly probated, petitioner was recognized as his mother's sole heir and legatee, and he was placed in possession of her estate. The record does not indicate what properties, other than the savings bonds, constituted the mother's estate. It appears that the probate/succession proceedings were concluded in early 2001.

Although the record is not entirely clear as to when the following events occurred, it appears that, at some point in 2001, petitioner received a notice from the bank where his mother did business, which stated that the annual fee for her safe deposit box was due. Petitioner was not aware that his mother had a safe deposit box, and he, accordingly, went through the necessary procedures to have the box opened. When the box was opened in 2001, petitioner discovered that his mother owned several series E U.S. savings bonds, which she had purchased over the years. The bonds totaled $30,000, and petitioner was the named beneficiary on the bonds. Petitioner then proceeded to redeem the bonds. Petitioner was paid the principal of the bonds and the interest that had accrued on the bonds. The interest totaled $31,980. For the year 2001, petitioner received from the payer bank two Forms 1099-INT, Interest Income, which totaled $31,980 for the interest. Petitioner did not include the interest as income on his 2001 Federal income tax return. The

notice of deficiency, which petitioner thereafter received, attributed the $31,980 in interest as income to him. That income is the principal issue in this case.

The parties agree that, for the years in which petitioner's mother held the bonds, her income was minimal, and she did not file Federal income tax returns. Thus, income tax on the bond interest was never paid.

Shortly after petitioner received the notice of deficiency, he prepared, for the 2001 tax year, a Federal income tax return in the name of his mother, on which he reported the $31,980 as interest income. The tax shown on that return was $11,598, which included tax on the $31,980 in interest on the bonds. He mailed the return to the IRS and included a check of $11,598. The return was not accepted by the IRS for the reason that petitioner's mother died in 1999 and, therefore, was not a taxpayer in 2001. The $11,598 check petitioner sent with the return was not returned to him, nor was petitioner refunded that

amount.[2]  Petitioner, in the meantime, filed a timely petition with the Court.

With respect to series E U.S. savings bonds, section 454(a) allows a cash-basis taxpayer/owner of such bonds for whom the entire interest is includable in income at the maturity of the bonds to elect to treat the annual interest as income.  An "election" is effected simply by including the interest as income on a tax return, and that election is binding for all subsequent years.  If no election is made, the interest accumulates, and, when the bonds mature, the accumulated interest is taxable in the year the bonds mature or are redeemed.  In this case, because petitioner's mother did not file income tax returns, no election was made under section 454(a); therefore, when petitioner redeemed the bonds in 2001, the accrued interest was includable in income for that year.  Petitioner does not dispute that the interest is includable in income.

Petitioner's motive in having the interest taxable to his mother's estate is obvious.  If the interest is taxed as her

[2]A copy of the return was not offered into evidence. Petitioner did not explain how he arrived at the $11,598 tax liability shown on the return; however, it appears that the check tracks the deficiency determined in the notice of deficiency as well as the addition to tax and penalty plus an additional amount the Court assumes was interest.  Counsel for respondent agreed that petitioner had sent a check for that amount but did not explain why the payment was not returned to petitioner.  The decision in this case will presumably determine the disposition of those funds by respondent.

income, the tax amounts to approximately $3,300; whereas, if the interest is lumped with petitioner's salary and other income, the tax on the interest approximates $8,570. Respondent was not caught off guard by this strategy.

With respect to the first issue, whether petitioner realized interest income during 2001, the Court sustains respondent. The accrued interest on the bonds, as the Court held in a parallel situation in <u>Apkin v. Commissioner</u>, 86 T.C. 692, 695 (1986), constituted "income in respect of a decedent" under section 691, which provides in pertinent part:

> SEC. 691(a).  Inclusion in Gross Income.--
>
> (1) General rule.--The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period * * * shall be included in the gross income, for the taxable year when received, of:
>
> *      *      *      *      *      *      *
>
> (B) the person who, by reason of the death of the decedent, acquires the right to receive the amount, * * *

Petitioner inherited the bonds when his mother died in 1999. Petitioner was not only her sole heir but was the sole legatee in her will. Additionally, petitioner was the named beneficiary on the bonds. No election had previously been made under section 454(a) by petitioner's mother to have the annual interest on the

bonds made taxable.  The interest on the bonds, therefore, "accrued" or accumulated and, when the bonds were redeemed by petitioner, that accumulated or "accrued" interest was includable in his income.

Respondent agrees that, following his mother's death, petitioner, as her personal representative, could have filed a final return on her behalf for the year 1999, in which petitioner could have elected, on behalf of her estate, under section 454, to have the interest included as income for that year on his deceased mother's final 1999 return.  Petitioner did not do that and instead attempted to file a return on behalf of his mother's estate for the year 2001, which was rejected by the IRS.  Since petitioner did not have knowledge of his mother's ownership of the bonds until 2001, respondent agrees that petitioner could have, under section 301.9100-1, Proced. & Admin. Regs., applied for an extension to file a return for her estate for 1999 to make the election under section 454(a); however, no such application was ever made.  Moreover, as respondent points out, requests for such extensions are conditioned upon the taxpayer's providing evidence satisfying the Commissioner that the taxpayer acted reasonably and in good faith, and the granting of relief does not prejudice the interests of the Government.  A taxpayer is deemed to have acted reasonably and in good faith if he failed to make the election because, after exercising reasonable diligence,

taking into account the taxpayer's experience, he was unaware of the necessity for the election. Sec. 301.9100-3(b)(1)(iii), Proced. & Admin. Regs. In this case, although petitioner was not aware of the bonds until 2001, he did not act until he received the notice of deficiency on December 15, 2003, almost 3 years later. Petitioner is an accountant employed as a finance manager who could reasonably be expected to know of the necessity for the election. Consequently, petitioner would not have been entitled to an extension to make the election under section 454(a). The Court holds, therefore, that the interest on the redeemed bonds constituted income to petitioner, as owner of the bonds, and petitioner is not entitled to the election under section 454(a). Respondent is sustained on this issue. Apkin v. Commissioner, supra.

Respondent determined that petitioner's Federal income tax return for 2001 was not filed timely, and that he is liable for the addition to tax under section 6651(a)(1). The parties stipulated that petitioner's 2001 return was mailed on April 17, 2002, and was received by the IRS on April 23, 2002. The addition to tax under section 6651(a)(1) is imposed where there is failure to file a timely tax return, unless it is shown that the failure to timely file is due to reasonable cause and not due to willful neglect. Under section 6072(a), calendar year taxpayers, such as petitioner, are required to file their income

tax returns by April 15, following the close of the calendar year. Petitioner's 2001 return, due April 15, 2002, was not filed with the IRS until April 23, 2002. The return, therefore, was filed late. Petitioner presented no evidence to establish reasonable cause for the delinquent filing of his return. Respondent, therefore, is sustained on this issue.

The final issue is respondent's determination that petitioner is liable for the penalty under section 6662(a).

Section 6662(a) imposes an accuracy-related penalty in the amount of 20 percent of any portion of an underpayment of tax that is attributable to causes set forth in subsection (b). However, under section 6664(c), no penalty shall be imposed under section 6662(a) with respect to any portion of an underpayment if it is shown that there was a reasonable cause for the underpayment and that the taxpayer acted in good faith with respect to the underpayment.

Section 6662(b)(2) provides that the penalty is applicable where there is a substantial understatement of tax.

A substantial understatement exists where the amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or $5,000. Sec. 6662(d). The understatement is reduced by the portion of the understatement attributable to an item for which there was either substantial authority for its treatment or

adequate disclosure of the relevant facts and a reasonable basis for its treatment.  Sec. 6662(d)(2)(B).  There is no dispute that the understatement of tax in this case meets this threshold.  The issue, however, is whether petitioner had reasonable cause for the understatement and acted in good faith with respect to the understatement.

The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis.  Sec. 1.6664-4(b), Income Tax Regs.  The most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability.  An honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith.  Remy v. Commissioner, T.C. Memo. 1997-72.  Further, reliance by the taxpayer on the advice of a qualified adviser constitutes reasonable cause and good faith, if, under all of the facts and circumstances, the reliance by the taxpayer was reasonable and the taxpayer acted in good faith.  Sec. 1.6664-4(b), Income Tax Regs.  Petitioner here did not consult with a tax adviser.

Petitioner is an accountant.  His position is that, because he acquired the bonds by inheritance, he, therefore, had a "stepped-up" basis for the bonds, which basis would include the accrued interest.  That rationale, however, has no bearing or

relevance to the income tax liability for the accrued interest on the bonds.  The Court, therefore, rejects that argument.

Petitioner also contends he relied on the representation of an Appeals officer of the IRS in the form of a letter he received in connection with the 2001 income tax return he prepared for his mother that was rejected by the IRS.  It is apparent from the letter that the Appeals officer who signed the letter was not knowledgeable about the facts surrounding the bonds.  Moreover, even if the letter is authoritative, the information in that letter clearly does not account for and take into consideration all the facts of this case.  The law is well settled that the IRS is not bound by erroneous advice of its agents or employees. Bornstein v. United States, 170 Ct. Cl. 576, 345 F.2d 558 (1965). Respondent, therefore, is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.  To account for treatment of petitioner's payment of $11,598 that accompanied the 2001 income tax return on behalf of petitioner's mother that was not returned to petitioner,

Decision will be entered
under Rule 155.