T.C. Summary Opinion 2007-35


UNITED STATES TAX COURT


BRADLEY D. BECNEL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23877-04S.                    Filed March 6, 2007.


Bradley D. Becnel, pro se.

Scott T. Welch, for respondent.


COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463, I.R.C., in effect when the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

Respondent determined a deficiency of $25,417 in petitioner's Federal income tax for 2002 and an accuracy-related penalty under section 6662(a) of $5,083. Petitioner concedes the deficiency but challenges the accuracy-related penalty. The sole issue, therefore, is whether petitioner is liable for the accuracy-related penalty under section 6662(a) for 2002.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. Petitioner was a legal resident of the State of Louisiana at the time the petition was filed.

A notice of deficiency was issued to petitioner for 2002 based upon his failure to include as income on his Federal income tax return for that year payments that had been made to him by four payors. These payments had been reported as income to the Internal Revenue Service on information returns. Petitioner does not challenge the payments as includable in gross income, the amounts which were as follows:

| | |
|---|---|
| Donaldson/Lufkin/Jenrette Securities | $75,711 |
| Hibernia National Bank | 5,000 |
| Ordinary dividends | 447 |
| Capital gain dividends | 98 |
| Total | $81,256 |

Respondent also determined that petitioner is liable for an accuracy-related penalty of $5,083 under section 6662(a) for

negligence or disregard of rules or regulations and for a substantial understatement of income tax.

During the year 2002, petitioner was a student at Loyola University New Orleans College of Law. Petitioner graduated from the College of Law in 2003. With respect to the determination in the notice of deficiency, he alleged in his petition:

> In 2002, while attending Loyola Law School, I acquired a severe eye infection in both eyes which required hospitalization and consults from physicians in Texas and Louisiana. Because I was unable to see/read, I submitted all of my tax documents to Thomas Vicknair, who prepared my return in 2002 and the previous 4 or 5 years. In 2003, Mr. Vicknair had a sudden stroke/heart attack and died in 2003. Because he was a sole proprietor, I have had difficulty retrieving many of my tax documents from his widow. I reasonably relied on the professional tax advice provided by Mr. Vicknair and because of his untimely and sudden death, I am unable to explain why he neglected to claim certain income despite being provided with proof of same. Because of my own health problems, particularly my impaired vision, I was unable to verify the contents of my return in 2002 despite reasonable efforts.

With respect to the sole issue before the Court, section 6662(a) imposes an accuracy-related penalty in the amount of 20 percent of any portion of an underpayment of tax that is attributable to causes set forth in subsection (b). However, under section 6664(c)(1), no penalty shall be imposed under section 6662(a) with respect to any portion of an underpayment if it is shown that there was reasonable cause for the underpayment and that the taxpayer acted in good faith with respect to the underpayment. The Commissioner has the burden of production with

respect to the penalty, but the taxpayer retains the burden of proving reasonable cause. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 448 (2001).

Section 6662(b) provides that the causes justifying the imposition of the accuracy-related penalty include, inter alia: (1) Negligence or disregard of rules or regulations, and (2) any substantial understatement of income tax. "Negligence" is defined, for purposes of section 6662, as "any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return". Sec. 1.6662-3(b)(1), Income Tax Regs. Section 6662(c) defines "disregard" as "any careless, reckless, or intentional disregard".

Under section 6662(d)(1)(A), a substantial understatement exists where the amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year at issue or $5,000. For purposes of section 6662(d)(1), "understatement" is defined as the excess of tax required to be shown on the return over the amount of tax that is shown on the return, reduced by any rebates. Sec. 6662(d)(2)(A). The understatement is reduced by the portion of the understatement attributable to an item for which there was either substantial authority for its treatment or adequate disclosure of

the relevant facts and a reasonable basis for its treatment. Sec. 6662(d)(2)(B).

Petitioner reported a tax due of $21,528 on his Federal income tax return for 2002. He failed to include on his return the income reported on Forms 1099-B, Proceeds From Broker and Barter Exchange Transactions, and 1099-DIV, Dividends and Distributions, outlined above, for the year at issue. Aside from failing to disclose on the return the relevant facts related to these items of income, petitioner has not presented any substantial authority for his failure to include these items on his return. Because the understatement exceeds both 10 percent of the total tax required to be shown on the return and $5,000, there was a substantial understatement of tax.[2] Sec. 6662(d)(1)(A). Consequently, the penalty under section 6662(a) applies unless petitioner had reasonable cause for the underpayment and acted in good faith with respect to the underpayment. Sec. 6664(c)(1).

The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the relevant facts and

_____

[2]Petitioner's Form 1040, U.S. Individual Income Tax Return, for 2002 showed a tax due in the amount of $21,528. The total tax required to be shown on the return was $46,945. Thus, petitioner understated his income tax liability by $25,417. This amount exceeds both $4,694.50, 10 percent of the total tax required to be shown on the return, and $5,000.

circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  The most important factor is the extent of the taxpayer's effort to assess his proper tax liability.  See id.  An honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith.  Remy v. Commissioner, T.C. Memo. 1997-72.  Further, reliance by the taxpayer on the advice of a qualified adviser constitutes reasonable cause and good faith, if, under all of the facts and circumstances, the reliance by the taxpayer was reasonable and the taxpayer acted in good faith.  Sec. 1.6664-4(b)(1), Income Tax Regs.

In his petition, petitioner alleges that his health-related problems rendered him incapable of verifying the accuracy of his 2002 income tax return.  He contends that an infection in both eyes left him unable to see or read in April 2003, the time when the return for taxable year 2002 was filed.  At trial, petitioner testified that he acquired a serious bacterial infection in his left eye sometime in October 2001.  He acknowledged that his eyes were examined by a professional, and that the infection's effects were limited to his left eye.  Notwithstanding the infection in his left eye, petitioner was able to finish his coursework at Loyola University New Orleans College of Law, take his exams, and graduate from law school in 2003.  Because the infection, which originated in October 2001, only impaired one eye, the Court is

not convinced that he was unable to see, as petitioner asserted in his petition, and was incapable of verifying the information on his income tax return for the year at issue.

Petitioner also contends in his petition that Thomas Vicknair (Mr. Vicknair), his accountant and return preparer, despite receiving information returns for petitioner for taxable year 2002, failed to include these items of income on his 2002 income tax return. Petitioner alleged and testified that Mr. Vicknair died after preparing petitioner's 2002 return and that petitioner had difficulty obtaining his tax information from Mr. Vicknair's estate. Daniel E. Becnel, Jr. (Mr. Becnel), petitioner's father, testified at trial that Mr. Vicknair was a banker who served as the family's bookkeeper, that Mr. Vicknair ordinarily prepared the family's returns, and that he died on December 31, 2002. When questioned as to how Mr. Vicknair could have prepared petitioner's 2002 income tax return in April 2003, since Mr. Vicknair died on December 31, 2002, Mr. Becnel testified that Mr. Vicknair did not, as alleged in the petition, prepare petitioner's return for the year at issue. Accordingly, petitioner's contention that he reasonably relied on Mr. Vicknair's professional tax advice when filing the income tax return for 2002 is unfounded, since Mr. Vicknair died without preparing petitioner's return for the year at issue.

According to Mr. Becnel's testimony, after Mr. Vicknair died, Mr. Becnel contacted Mr. Vicknair's widow, requested his family's tax records, and provided them to a different return preparer. Mr. Becnel testified that he assumed Mr. Vicknair's widow had provided him with all the information necessary to prepare petitioner's 2002 return. Mr. Becnel further testified that the failure to report the income at issue did not come to his attention until petitioner received the notice of deficiency for 2002. The sole issue is whether petitioner acted in good faith and with reasonable cause in the filing of his 2002 Federal income tax return under the scenario described.

Even if the Court were to accept petitioner's contention that he did not receive the Forms 1099-B and 1099-DIV for taxable year 2002 from Mr. Vicknair's widow, that fact does not establish per se reasonable cause for the understatement of income tax or good faith on petitioner's part. The facts and circumstances in this case indicate that petitioner exerted little effort to assess his proper tax liability for 2002. Mr. Becnel testified that stockbrokers managed the accounts that gave rise to petitioner's omitted income and that petitioner never received a report or other information that would show how petitioner's accounts performed in 2002.[3] Although petitioner might not have

---

[3]All of the monthly reports and other information related to these accounts were, at Mr. Becnel's behest, sent directly to the
(continued...)

had sufficient information to determine his precise tax liability for 2002, he did not attempt to estimate the omitted income he received during the year at issue. Petitioner could have approximated his investment income based on past annual reports or previously filed returns. Knowing that the accounts that produced the omitted income existed, petitioner could have contacted the businesses where these accounts were located and requested that copies of the Forms 1099-B and 1099-DIV or duplicates thereof be sent to him. Even if petitioner were unable to obtain any information regarding the omitted income prior to filing his income tax return for 2002, he could have attached a statement to the return explaining the relevant facts and circumstances and indicating that an amended return would later be filed. Instead, petitioner relied upon his father to assess his tax liability and ignored the matter until respondent issued the notice of deficiency.

While the Court sympathizes with petitioner and understands the difficulties, financial and otherwise, he encountered from his bacterial infection and Mr. Vicknair's death, those

---

[3](...continued)
brokers who managed the accounts. These brokers provided Mr. Becnel and his family with annual updates concerning their accounts' performances. Because most people monitor their investments, the Court inquired as to why petitioner's financial affairs were not so monitored. Mr. Becnel addressed this concern by testifying: "Well, when you do the tobacco settlement, and you settle the case for $287 billion, and you get paid four times a year, money is irrelevant."

difficulties, in the Court's view, did not constitute reasonable cause for an understatement of Federal income tax within the meaning of section 6664(c).  Income was knowingly omitted from petitioner's return, and he did not include any information with the return that would have alerted respondent that the omitted income and the tax due thereon would be reported later when the necessary information would be available.  The record, therefore, reflects that petitioner failed to make a sufficient effort to ascertain his proper tax liability for 2002.  Accordingly, respondent is sustained on the imposition of the accuracy-related penalty under section 6662(a).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>