T.C. Memo. 2009-204

UNITED STATES TAX COURT

WILLIAM G. HALBY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14785-07.              Filed September 14, 2009.

William G. Halby, pro se.

<u>Donald A. Glasel</u> and <u>James P. A. Caligure</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined the following income
tax deficiencies and penalties:

|  |  | Penalty |
| Year | Deficiency | Sec. 6662(a) |
| 2004 | $12,656 | $2,531 |
| 2005 | 8,835 | 1,767 |

The issues for decision are: (1) Whether petitioner is entitled to claimed medical expense deductions in 2004 and 2005 in amounts greater than those allowed by respondent; and (2) whether petitioner is liable for the section 6662[1] accuracy-related penalty for 2004 and 2005. For the reasons stated herein, we find that petitioner is not entitled to deductions in amounts greater than that allowed by respondent and is liable for the accuracy-related penalties.

FINDINGS OF FACT

Petitioner is a lawyer admitted to practice in New York State. Petitioner resided in New York at the time he filed his petition.

During 2004 and 2005 petitioner frequented prostitutes in New York. Petitioner did not visit these prostitutes as part of a course of therapy prescribed by his doctor, nor did petitioner ask his doctor to prescribe any sort of sex therapy. Petitioner kept track of these visits in a journal. The journal included the date, the name of the "service provider", and the amount. Petitioner did not discuss these visits with his doctors afterwards to determine their impact on his health.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

During 2004 and 2005 petitioner purchased pornography and books and magazines on sex therapy. Petitioner also recorded the dates and amounts of the purchases in his journal.

Petitioner timely filed his Forms 1040, U.S. Individual Income Tax Return, for 2004 and 2005. For 2004 petitioner claimed medical expense deductions of $76,314 on his Schedule A, Itemized Deductions. For 2005 petitioner claimed medical expense deductions on his Schedule A of $49,203. Both the 2004 and 2005 returns included attachments to the respective Schedules A. The attachments provided further detail on the costs that went into petitioner's claimed medical expense deductions. However, the descriptions were not specific but provided only vague descriptions of the types of costs petitioner was claiming as deductions.

Respondent issued a notice of deficiency to petitioner on June 21, 2007. The notice disallowed $73,934 of petitioner's $76,314 claimed medical expense deductions for 2004 and $47,024 of petitioner's $49,203 claimed medical expense deductions for 2005.

The $73,934 disallowed by respondent for 2004 included: (1) $2,368 for medical books, magazines, videos, and pornographic material; (2) $65,934 for prostitutes; and (3) $5,632 in bank and finance charges incurred in connection with loans used to pay for the claimed medical expenses. Petitioner and respondent

stipulated that petitioner provided receipts totaling $1,455.20 of the $2,368 for books, magazines, videos, and pornographic materials; however, the actual receipts were not entered into evidence. Petitioner concedes that he is not entitled to deduct the $5,632 in bank and finance charges.

The $47,024 disallowed for 2005 included: (1) $5,005 for books, magazines, videos, and pornographic materials; and (2) $42,152 for prostitutes. Petitioner and respondent stipulated that petitioner provided receipts for $2,325.58 of the claimed $5,005 for medical books, magazines, videos, and pornographic materials; however, the actual receipts were not entered into evidence.

On June 28, 2007, petitioner filed a petition with this Court challenging respondent's determinations. A trial was held on October 27, 2008.

OPINION

I. Medical Expense Deductions

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving, by a preponderance of the evidence that these determinations are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Tax deductions are a matter of legislative grace, and a taxpayer has the burden of proving that he is entitled to the deductions claimed. Rule 142(a)(1);

INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The burden of proof on factual issues that affect a taxpayer's liability for tax may be shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such issue." Sec. 7491(a)(1). Petitioner does not claim that the burden shifts to respondent under section 7491(a). In any event, petitioner has failed to establish that he has satisfied the requirements of section 7491(a)(2). On the record before us, we find that the burden of proof does not shift to respondent under section 7491(a).

Section 213(a) permits a deduction for a taxpayer's medical and dental expenses that were paid and not compensated for by insurance, to the extent the expenses exceed 7.5 percent of the taxpayer's adjusted gross income. Section 213(d)(1) provides in pertinent part that the term "medical care" means amounts paid "for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body". Section 1.213-1(e)(1)(ii), Income Tax Regs., provides that amounts expended for illegal operations or treatments are not deductible and that deductions allowed under section 213 will be confined strictly to expenses incurred primarily for the prevention or alleviation of a physical or mental defect or illness.

To substantiate these expenses, the taxpayer must furnish the name and address of each payee and the date and amount of each payment. Sec. 1.213-1(h), Income Tax Regs. If requested by the Commissioner, the taxpayer must also furnish a statement or itemized invoice identifying the patient, the type of service rendered, and the specific purpose of the expense. Id.

The issue for decision is whether petitioner is entitled to deduct amounts paid to prostitutes and for medical texts and pornographic materials. Respondent argues that petitioner is not entitled to deduct amounts paid to prostitutes because such payments were illegal and petitioner has not provided substantiation as required by section 1.213-1(h), Income Tax Regs. Respondent argues that petitioner is not entitled to a deduction for amounts paid for books on sex therapy and pornographic material because those amounts were incurred for petitioner's general welfare, not pursuant to a doctor's prescription or for a specific medical condition.

Petitioner does not argue that section 213 and the regulations thereunder allow a deduction for these costs. Rather, petitioner points to book and magazine articles about the positive health effects of sex therapy and argues that we should allow him a deduction despite the illegality of his conduct or the fact that petitioner's doctor did not prescribe this treatment.

We agree with respondent that petitioner is not entitled to deduct the amounts at issue. Patronizing a prostitute is illegal in the State of New York. See N.Y. Penal Law sec. 230.04 (McKinney 2008). N.Y. Penal Law sec. 230.02 (McKinney 2008) provides that a person is patronizing a prostitute when he: (1) Pursuant to a prior agreement pays a fee for another person's having engaged in sexual conduct with him; (2) agrees to pay a fee pursuant to an understanding that in return such person or a third person will engage in sexual conduct with him; or (3) solicits or requests another person to engage in sexual conduct in return for a fee. Section 1.213-1(e)(1)(ii), Income Tax Regs., provides that a taxpayer is not entitled to a deduction for any illegal operation or treatment. Petitioner's payments to various prostitutes were personal expenses not prescribed by a doctor and not intended to treat a medical condition. Petitioner is not entitled to deductions for these amounts.

Petitioner is likewise not entitled to deductions for amounts paid for books and magazines on sex therapy and pornography. The purchases were not for the treatment of a medical condition but were instead personal items. Sec. 1.213-1(e)(1)(ii), Income Tax Regs.

II. Accuracy-Related Penalty

We next determine whether petitioner is liable for an accuracy-related penalty. Section 6662(a) and (b)(2) provides

that taxpayers will be liable for a penalty equal to 20 percent of the portion of the underpayment of tax attributable to a substantial understatement of income tax. Section 6662(d)(1)(A) provides that a substantial understatement of income tax exists if the amount of the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return, or (2) $5,000. Section 7491(c) provides that the Commissioner bears the burden of production respecting an individual's liability for the penalty. As discussed above, we have upheld respondent's determinations of deficiencies in petitioner's income tax; respondent has thus met his burden of showing a substantial understatement.

Section 6662(d)(2)(B)(ii) provides that the amount of the understatement is to be reduced by that portion of the understatement which is attributable to any item if the relevant facts affecting the item's tax treatment are adequately disclosed on the return or in a statement attached to the return and there is a reasonable basis for the tax treatment of such item by the taxpayer. If an item is adequately disclosed and there is a reasonable basis for its tax treatment, that item is treated as having been reported properly on the return, and the understatement of tax is computed without regard to that item. See sec. 1.6662-4(e)(1), Income Tax Regs. Section 1.6662-4(e)(2), Income Tax Regs., provides that an item will not be

treated as adequately disclosed if a taxpayer does not have a reasonable basis for the position as defined in section 1.6662-3(b)(3), Income Tax Regs.  Section 1.6662-3(b)(3), Income Tax Regs., provides that reasonable basis is a relatively high standard that is significantly higher than not frivolous.  A return position that is merely arguable does not satisfy the reasonable basis standard.  Id.  A taxpayer can have a reasonable basis if the position is reasonably based on one or more authorities listed in section 1.6662-4(d)(3)(iii), Income Tax Regs., which includes the Internal Revenue Code, temporary and final regulations, revenue procedures and revenue rulings, and court decisions.

The section 6662 penalty is inapplicable to the extent the taxpayer had reasonable cause for the understatement and acted in good faith.  Sec. 6664(c)(1).  The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the relevant facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer."  Id.  Generally, the most important factor is the extent of the taxpayer's efforts to assess the proper tax

liability.  <u>Id.</u>  An honest misunderstanding of fact or law that is reasonable in the light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith.  <u>Remy v. Commissioner</u>, T.C. Memo. 1997-72.

Petitioner did not have reasonable cause or a reasonable basis for claiming the deductions at issue.  Petitioner has been an attorney for 40 years and specialized in tax law.  Petitioner should have known that his visits to prostitutes in New York were illegal and that section 213, the regulations thereunder, and caselaw do not support his claimed deductions.  Accordingly, petitioner is liable for the section 6662 penalty.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.