T.C. Summary Opinion 2006-125


UNITED STATES TAX COURT


MICHAEL ALLEN BYER AND LARISA AKSENOVA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11292-04S.              Filed August 2, 2006.


Michael Allen Byer, pro se.

Robert V. Boeshaar, for respondent.


COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $11,746 in petitioners' Federal income tax for the year 2000 and the accuracy-related penalty under section 6662(a) in the amount of $2,298.

The issues for decision are: (1) Whether, for the year at issue, Michael Allen Byer (petitioner) was a statutory employee as a full-time life insurance salesman under section 3121(d)(3)(B) and section 31.3121(d)-1(d)(3)(ii), Employment Tax Regs.; (2) whether petitioners are entitled to deductions for disallowed trade or business expenses incurred in connection with petitioner's insurance activity; and (3) whether petitioners are liable for the section 6662(a) accuracy-related penalty for the year at issue.[2]

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and made part hereof.

---

[2]Sec. 7491(a) shifts the burden of proof to the Commissioner where the taxpayer introduces credible evidence with respect to any factual issue, if the taxpayer has complied with the requirements for substantiation of any item at issue, has maintained records with respect to such items, and has cooperated with reasonable requests by respondent for such information. Since the principal issue as to whether petitioner was a statutory employee is essentially a question of law, and the facts relating thereto are not in dispute, the question of who has the burden of proof is not material. As to the expenses relating to the principal issue, petitioners did not cooperate with respondent's requests for substantiating information prior to trial, therefore, the burden of proof does not shift to respondent. As to the sec. 6662(a) penalty, the burden of production is on respondent. The Court's conclusions, therefore, on all issues, are made with due consideration to the burden of proof requirements of sec. 7491.

Petitioners' legal residence at the time the petition was filed was Vancouver, Washington.

Petitioner is an attorney who has a master of laws degree in taxation and was previously employed as an auditor by the IRS from 1987 to 1999. From January 1999 through April 15, 2002 (which includes the year at issue), petitioner was engaged in an income-producing activity with Corben Financial Services (Corben) of Lake Oswego, Oregon. The nature of petitioner's income from Corben and the nature of his activity is the principal issue in this case. After termination of his affiliation with Corben in April 2002, petitioner became a truck driver, driving what he described at trial as "an 18-wheeler".

Corben, from which petitioner earned income during the year at issue, was in the trade or business of selling insurance, primarily life insurance. Corben represented several life insurance companies, and the employees and/or agents of Corben were engaged in selling insurance that would meet the needs of its customers. Corben, through its agents or employees, conducted workshops, seminars, and marketing campaigns designed to promote the sale of insurance. Petitioner was one of Corben's agents or employees and participated in these sale and marketing activities.

For the year at issue, petitioners filed a joint Federal income tax return, on which they reported no salary or wage

income, but, on a Schedule C, Profit or Loss From Business, they reported petitioner's income and expenses from Corben as follows:

| | | |
|---|---:|---:|
| Gross receipts or sales (gross income) | | $61,100 |
| Expenses: | | |
| Advertising | $ 3,014 | |
| Bad debts | 2,010 | |
| Car and truck expenses | 14,046 | |
| Insurance | 1,550 | |
| Legal and professional | 876 | |
| Repairs and maintenance | 1,845 | |
| Supplies | 2,310 | |
| Taxes and licenses | 850 | |
| Travel | 4,295 | |
| Meals and entertainment (net) | 3,617 | |
| Utilities | 810 | |
| Other expenses | 7,599 | |
| | | (42,822) |
| Net profit | | $18,278 |

Petitioners did not include with their return a Schedule SE, Self-Employment Tax, for self-employment tax that would ordinarily be due on the $18,278 in net profit. In the notice of deficiency, respondent determined self-employment tax on that income and disallowed deductions for some of the claimed expenses.

As described above, all of the gross income on petitioners' Schedule C was the compensation petitioner received from Corben. Petitioners contend that they are not liable for self-employment tax on the net earnings from Corben for the reason that petitioner was a statutory employee of Corben, a position that respondent does not agree with, thus framing the principal issue before the Court.

Respondent contends that petitioner was not a statutory employee but was engaged in a self-employed trade or business activity. Accordingly, respondent determined that, after adjustments to the claimed expenses, the net income from the activity was subject to self-employment tax under section 1401. Corben did not consider petitioner to be an employee and, therefore, withheld no income tax and paid no Social Security taxes on the compensation paid to petitioner.

Adjusted gross income generally consists of gross income less trade or business expenses, except in the case of the performance of services by an employee, generally referred to as a common law employee. Sec. 62. An individual performing services as a common law employee deducts such expenses as miscellaneous itemized deductions incurred in the performance of services as an employee but only to the extent the expenses exceed 2 percent of the employee's adjusted gross income. Sec. 67(a). A statutory employee, on the other hand, pursuant to rulings by the Commissioner, is not an employee for purposes of sections 62 and 67, and, therefore, a statutory employee under section 3121(d)(3) is not subject to the section 67(a) 2-percent limitation for expenses incurred by such employee in the performance of services as an employee. Rev. Rul. 90-93, 1990-2 C.B. 33. Thus, an individual who is a statutory employee under section 3121(d)(3) is allowed to deduct expenses from gross

income that otherwise would be subject to the 2-percent limitation of section 67(a).

An employee for employment tax purposes is defined in pertinent part by section 3121(d) as follows:

> SEC. 3121(d).  Employee.--For purposes of this chapter, the term "employee" means--
>
>> (1) any officer of a corporation; or
>>
>> (2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee; or
>>
>> (3) any individual (other than an individual who is an employee under paragraph (1) or (2)) who performs services for remuneration for any person--
>>
>> \*     \*     \*     \*     \*     \*     \*
>>
>>> (B) as a full-time life insurance salesman;

For purposes of section 3121(d)(3)(B), section 31.3121(d)-1(d)(3)(ii), Employment Tax Regs., defines a "full-time life insurance salesman" as:

> An individual whose entire or <u>principal</u> business activity is devoted to the solicitation of life insurance or annuity contracts, or both, primarily for <u>one</u> life insurance company is a full-time life insurance salesman.  \* \* \*  An individual who is engaged in the general insurance business under a contract or contracts of service which do not contemplate that the individual's <u>principal</u> business activity will be the solicitation of life insurance or annuity contracts, or both, for <u>one</u> company, or any individual who devotes only part time to the solicitation of life insurance contracts, including annuity contracts, and is principally engaged in other endeavors, is not a full-time life insurance salesman.  [Emphasis added.]

Accordingly, under the foregoing regulation, a full-time life insurance salesman is an individual who principally sells life insurance and annuity contracts for one insurer. Whether an individual taxpayer satisfies this standard "depends upon the facts of the particular situation." Sec. 31.3121(d)-1(d)(2), Employment Tax Regs.

In this case, the facts are not in dispute. At trial, petitioner named at least six insurance companies from which he placed insurance for clients, based upon their individual needs. Additionally, the parties at trial stipulated a statement from the chief executive officer of Corben addressed to a tax compliance officer of the IRS regarding petitioner's status with Corben. That statement, in pertinent part, stated:

> Michael Byer never was a salaried employee, therefore there are no W2 forms. As for his 1099's for 2000, 2001, and 2002, he and his CPA should be able to provide those for you. We never had an employment agreement with Michael. He was only paid commissions that resulted from life insurance sales with which he was involved.

> Mr. Byer was hired in December 1998, starting in our office January 1999. We were impressed with his insurance knowledge and his tax knowledge. I felt this would help our firm with life insurance sales. Mr. Byer held a valid life insurance license required by law and necessary for this position with The Corben Institute. We sell life insurance; it's our only source of income.

> Michael was a life insurance agent but was required to help with our marketing campaigns. He assisted us with developing our materials, such as brochures and presentations. He used his legal and tax knowledge to get clients and their financial advisors to meet with our agency.

As I mentioned in our telephone conversation, Michael handled workshops and attended many outside meetings and seminars representing The Corben Institute.  The biggest part of life insurance sales is getting in front of people who need life insurance or people who can recommend to others to buy life insurance from us, Michael was a large part of our success.

Michael was paid $5,000 a month, which was based on our life insurance sales.  We are in the Life Insurance business, all of our income comes from commissions.  Everyone in the office was asked to do other jobs from time to time but everyone knew we live and die based on commissions from life insurance sales.

It is quite evident, therefore, that petitioner's work with Corben was not devoted to one insurance company, and, moreover, petitioner was required to perform other duties for Corben beyond selling insurance.  Additionally, the statement establishes that petitioner was not considered an employee by Corben.  Petitioner's earnings from Corben were reflected on Forms 1099, which indicate that petitioner was considered to be self-employed and not an employee.  The Court holds, therefore, that petitioner was not an employee of Corben, nor was he a statutory employee.[3]  Petitioner was engaged in a self-employment activity, and, as such, his net earnings from that activity were subject to self-employment tax.  Respondent, therefore, is sustained in

---

[3]The Court notes, however, that there are certain facets of petitioner's relationship with Corben that would indicate an employer-employee relationship, such as the fact that petitioner was paid $5,000 per month rather than commissions, and that Corben had some control over petitioner, such as his required participation in seminars and marketing promotions.  The Court does not consider these factors as overriding.

concluding that petitioner was not a statutory employee and was engaged in a self-employment activity, the net income of which is subject to self-employment tax as determined in the notice of deficiency.

The second issue relates to adjustments in the notice of deficiency as to the income and expenses reported by petitioners on their income tax return for 2000 relating to the activity with Corben reported on Schedule C.[4]

On Schedule C, petitioners reported gross receipts of $61,100. In the notice of deficiency, respondent increased that amount by $1,000. Petitioner did not address this adjustment at trial; consequently, that adjustment is deemed conceded. As to the expenses, the amounts deducted on Schedule C and the amounts disallowed are as follows:

|  | Claimed on Return | Disallowed by Respondent |
|---|---|---|
| Other expenses | $ 7,599 | $ 7,599 |
| Car and truck expenses | 14,046 | 14,046 |
| Meals and entertainment | 3,617 | 3,617 |
| Repairs and maintenance | 1,845 | 1,845 |
| Travel | 4,295 | 4,295 |
| Legal and professional | 876 | 876 |

As to the other expenses of $7,599 shown above, respondent at trial conceded that petitioner was entitled to a deduction of

---

[4]In the notice of deficiency, respondent determined capital gain income of $816. At trial, petitioner conceded this adjustment.

$610 for parking. Respondent also conceded that petitioner was entitled to a deduction for supplies. That concession is not clear because petitioner claimed a separate line item expense of $2,310 for supplies on Schedule C of the return, and that amount was not disallowed or adjusted in the notice of deficiency. Since a Rule 155 computation will be necessary in this case, the nature and amount of this concession can be taken into consideration by the parties in determining the deficiency.

With respect to the expenses listed above for car and truck, meals and entertainment, and travel, petitioner did not address those at trial. Instead, petitioner offered into evidence envelopes as to each of these expenses containing receipts that he contends would substantiate the amounts claimed on the return. The envelopes referred to essentially contain only receipts; however, the substantiation requirements of section 274(d) appear to be applicable to all the amounts claimed. No books and records were offered to corroborate or otherwise satisfy the strict substantiation requirements of section 274(d). Petitioner, being a former auditor for the IRS, certainly knew what is required for substantiation of expenses of this nature. The Court, therefore, declines to consider the exhibits offered as proof that the expenses claimed are deductible. Respondent, therefore, is sustained as to those expenses.

The final issue is respondent's determination that petitioners are liable for the section 6662(a) accuracy-related penalty.

Section 6662(a) imposes an accuracy-related penalty in the amount of 20 percent on any portion of an underpayment of tax that is attributable to causes set forth in subsection (b). However, under section 6664(c), no penalty shall be imposed under section 6662(a) with respect to any portion of an underpayment if it is shown that there was a reasonable cause for the underpayment and that the taxpayer acted in good faith with respect to the underpayment.

The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis. Sec. 1.6664-4(b), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability. See id. An honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith. Remy v. Commissioner, T.C. Memo. 1997-72. Here, petitioner is an attorney with a specialized degree in tax law who was employed as an auditor by the IRS for several years. His education, knowledge, and experience in that field place him in a category that few

taxpayers who come before this Court have.  The Court has no choice but to sustain respondent on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155.</u>