# United States Tax Court

T.C. Memo. 2025-13

JAMES CLARK,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 16969-22.                    Filed February 4, 2025.

————

James Clark, pro se.

*Kianna P. Chennault*, *Daniel K. McClendon*, *Brianna B. Taylor*, and *Tamika N. Thornton*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

ASHFORD, *Judge*: The Internal Revenue Service (IRS or respondent) determined a deficiency in petitioner's federal income tax of $6,670 and an accuracy-related penalty pursuant to section 6662(a)[1] of $1,025 for the 2019 taxable year. After certain concessions by petitioner,[2] the issues remaining for decision are whether petitioner is liable for (1) self-employment tax on the income he reported on his 2019

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. Some monetary amounts are rounded to the nearest dollar.

[2] The deficiency in petitioner's federal income tax for 2019 was attributable in part to the fact that he had unreported taxable dividends totaling $132. Pursuant to the Stipulation of Facts, petitioner agreed that he received those taxable dividends.

[*2] federal income tax return as "[o]ther income" and (2) the accuracy-related penalty. We resolve both issues in favor of respondent.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The Stipulation of Facts and the attached Exhibits are incorporated herein by this reference. Petitioner resided in Georgia when he filed his Petition with the Court.

I.   *Petitioner's Background and Professional Endeavors*

Petitioner is a high school graduate, and immediately after high school he began employment as a "W–2 wage earner" selling "food service" to restaurants and hotels. He did this until approximately the late 1980s. Thereafter and until 1995 petitioner solely owned and operated a mobile disc jockey business, working in bars and doing weddings and private parties. Since 1995 petitioner has been working as a freelance writer, writing movie reviews. In 2019 petitioner received $8,250 from freelance movie review writing.

Additionally, since at least 2019 petitioner has bought and sold movie-related memorabilia. Petitioner sold the memorabilia on eBay, and his sale proceeds were paid to him through a PayPal account solely in his name. In 2019 petitioner received $41,972 from selling movie-related memorabilia, and PayPal sent the IRS and petitioner a Form 1099–K, Payment Card and Third Party Network Transactions, reporting the $41,972 as the gross amount of payment card/third party transactions for 2019, with no amount of federal income tax withheld.

II.   *Petitioner's 2019 Tax Reporting and the 2019 Notice of Deficiency*

Petitioner prepared his 2019 federal income tax return with assistance from a representative at an H&R Block location. Petitioner did not report any of the income he received from freelance movie review writing or selling movie-related memorabilia on Schedule C, Profit or Loss From Business; instead, he reported that income (totaling $50,222—the $8,250 from freelance movie review writing and the $41,972 from selling movie-related memorabilia) as "[o]ther income" on line 7a of the return, not subject to self-employment tax. He claimed the standard deduction ($12,200) and reported taxable income of $38,022 and tax of $4,369. Finally, not having reported any federal income tax withheld, other taxes including self-employment tax, or credits, he reported that he had an income tax liability of $4,369.

**[*3]**    Petitioner electronically filed, and the IRS received, the 2019 return on July 13, 2020.  On July 22, 2020, the IRS processed a payment of $4,369 from petitioner with respect to his reported 2019 income tax liability.  On August 17, 2020, the IRS processed petitioner's 2019 return, and it assessed a penalty of $134 for failure to pay estimated tax, together with interest of $4 (amounts petitioner was ultimately credited as paying on August 16, 2021).

On June 28, 2021, the IRS's Automated Underreporter (AUR) Program sent petitioner a Notice CP2000 proposing changes to his 2019 return on the basis that information the IRS had received from third parties, including the Form 1099–K from PayPal, did not match the information reported on the return.  On November 15, 2021, upon petitioner's failure to respond to the Notice CP2000, the IRS issued a Notice of Deficiency to him, determining, in pertinent part, that the $50,222 he had reported as "[o]ther income" on his 2019 return was subject to self-employment tax and that he was liable for the substantial understatement of income tax penalty under section 6662(a) and (b)(2).

III.    *Tax Court Proceedings*

On July 19, 2022, petitioner timely petitioned this Court with respect to the November 15, 2021, Notice of Deficiency.[3]   However, because respondent was not aware of petitioner's Petition until sometime in August 2022,[4] the IRS did not place a litigation hold on petitioner's IRS account.  Consequently, approximately four months before petitioner's Petition was served on respondent, the IRS assessed the deficiency and penalty amounts reflected in the November 15, 2021, Notice of Deficiency, together with interest.[5]

Before petitioner's case was calendared for trial, the Social Security Administration (SSA) sent petitioner a letter dated March 20, 2023, advising him, among other things, that "[b]ased on information provided to us from the Internal Revenue Service, we are reducing the amount of your self-employment income on your Social Security earnings record from $46,380.00 to $0.00 for tax year 2019."  Additionally, the IRS reversed the premature assessment and issued

---

[3] Although the Court did not receive and file petitioner's Petition until July 19, 2022, the Petition is timely because it arrived in an envelope bearing a U.S. Postal Service postmark of February 5, 2022.  See § 7502(a).

[4] The Court served petitioner's Petition on respondent on August 3, 2022.

[5] The IRS's records indicate that the date of assessment was March 28, 2022.

**[\*4]** petitioner a refund of $2,886 for 2019 on April 3 and May 5, 2023, respectively.[6]

## OPINION

### I.     *Burden of Proof*

In general, the Commissioner's determinations set forth in a Notice of Deficiency are presumed correct, and, except for the burden of production in any court proceeding with respect to an individual taxpayer's liability for any "penalty, addition to tax, or additional amount," *see* § 7491(c), the taxpayer bears the burden of proving that the Commissioner's determinations are erroneous, *see* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[7]

### II.     *Self-Employment Tax*

Section 1401 imposes a percentage tax on the self-employment income of every individual.  *See* Treas. Reg. § 1.1401-1(a).  Self-employment income is defined as "the net earnings from self-employment derived by an individual . . . during any taxable year." § 1402(b).  The term "net earnings from self-employment" is defined as "the gross income derived by an individual from any trade or business carried on by such individual, less the deductions . . . which are attributable to such trade or business."  § 1402(a).

The record establishes that petitioner was self-employed as a freelance movie review writer and a seller of movie-related memorabilia in 2019.  *See* § 1402(c); *see also Conrad v. Commissioner*, T.C. Memo. 2023-100, at \*7 n.7.

Petitioner contends that he should not be liable for self-employment tax on the income he received from freelance movie review writing and selling movie-related memorabilia in 2019 because the IRS

---

[6] The refund consisted of (1) the $138 petitioner had paid for failure to pay estimated tax, together with interest; (2) federal income tax withheld totaling $1,546 that had been reported by third parties on a 2019 Form 1099–B, Proceeds From Broker and Barter Exchange Transactions, and a 2019 Form 1099–DIV, Dividends and Distributions; (3) a payment of $951 petitioner was credited as making on May 12, 2022; (4) a credit of $4 transferred from petitioner's 2021 taxable year; and (5) an interest credit of $247.

[7] Petitioner does not otherwise contend that the burden of proof should shift to respondent under section 7491(a) as to any relevant issue of fact, nor has he established that he met the requirements for shifting the burden of proof.

**[\*5]** has conceded that he is not so liable. In support of his contention petitioner relies on (1) the March 20, 2023, letter that the SSA sent to him and (2) the May 5, 2023, refund that the IRS issued to him for 2019. Petitioner's contention is without merit.

In *Ashford v. Commissioner*, T.C. Memo. 2022-101, *aff'd*, Nos. 22-2307, et al., 2023 U.S. App. LEXIS 19297 (4th Cir. July 27, 2023), the taxpayer similarly made the argument, which this Court rejected, that the IRS had conceded he did not have self-employment income for the year at issue because of an SSA document he received for that year. The document, just like the March 20, 2023, letter, stated that "[b]ased on information provided to us from the Internal Revenue Service, we are reducing the amount of your self-employment income on your Social Security earnings record . . . to $0.00." *Id.* at \*5. The SSA document was the result of the IRS's having prematurely assessed the deficiency and additions to tax for the year at issue and then reversing that assessment. *Id.* at \*6 n.6. The Court held that the IRS had not made such a concession because the taxpayer had stipulated the amount of income he had received, as well as the characterization of that income (i.e., it was nonemployee compensation), for the year at issue. *Id.* at \*5. The Court reasoned that, "[b]ecause [the taxpayer's] argument conflicts with [the] stipulated facts, it has no merit." *Id.* at \*5–6 (citing then Rule 91(e)).[8]

Petitioner, similarly to the taxpayer in *Ashford*, does not dispute that in 2019 he received $8,250 from freelance movie review writing and $41,972 via PayPal from selling movie-related memorabilia on eBay. Thus, just like the taxpayer's argument in *Ashford*, petitioner's argument claiming an IRS concession as to the taxability of these income amounts is contrary to the evidence. Indeed, the March 20, 2023, letter simply represents a moment in time regarding petitioner's earnings record for Social Security purposes (not his income tax record with the IRS), around the time when the IRS reversed the premature assessment of the deficiency and the accuracy-related penalty for 2019. *See* § 6103(l)(1)(A) ("The Secretary may . . . disclose returns and return information with respect to . . . taxes imposed by chapters 2 [Tax on Self-Employment Income], 21, and 24, to the Social Security

---

[8] Then Rule 91(e) provided that "[a] stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the Court or agreed upon by those parties." Currently, Rule 91(e) has slightly different wording.

[*6] Administration for purposes of its administration of the Social Security Act . . . .").

As for the IRS's issuing petitioner a refund for 2019 on May 5, 2023, that action was similarly in no way a concession on the IRS's part. Rather, the refund was issued to bring petitioner's IRS account into the proper status given the instant litigation, i.e., to reflect the effects of the delayed litigation hold, including the IRS's reversing the premature assessment.

Accordingly, petitioner is liable for self-employment tax under section 1401 on the income he received from freelance movie review writing and selling movie-related memorabilia in 2019.

III.   *Accuracy-Related Penalty*

We now address whether petitioner is liable under section 6662(a) and (b)(2) for an accuracy-related penalty on an underpayment due to a substantial understatement of income tax.

Section 6662(a) imposes a 20% accuracy-related penalty on any portion of an underpayment of tax required to be shown on a return if, as provided by section 6662(b)(2), the underpayment is attributable to any "substantial understatement of income tax." For purposes of section 6662(b)(2), an understatement generally means the excess of the amount of tax required to be reported on the return over the amount shown on the return. § 6662(d)(2)(A). An understatement is substantial in the case of an individual if the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return for that taxable year or $5,000. § 6662(d)(1)(A).

As indicated *supra* p. 4, respondent bears the burden of production with respect to the accuracy-related penalty, requiring him to come forward with sufficient evidence establishing that it is appropriate to impose this penalty. *See* § 7491(c); *Higbee v. Commissioner*, 116 T.C. 438, 446 (2001). Additionally, this initial burden of production under section 7491(c) includes producing evidence that the procedural requirements of section 6751(b) have been met; to wit, that the initial determination of the accuracy-related penalty has been "personally approved (in writing) by the immediate supervisor of the individual making such determination," § 6751(b)(1), except that supervisory approval is not required where the penalty is "automatically calculated through electronic means," § 6751(b)(2); *see Walquist v. Commissioner*, 152 T.C. 61, 68–69 (2017). Once respondent meets his

**[\*7]** burden of production, petitioner bears the burden of proving, through persuasive evidence, that the penalty determination is incorrect. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. at 115; *Higbee*, 116 T.C. at 446–47.

The record establishes that petitioner's understatement of income tax for 2019 exceeds the greater of 10% of the tax that was required to be shown on the return or $5,000. Accordingly, respondent has met his initial burden of production, showing that petitioner's understatement of income tax for 2019 was substantial.

Turning to the rest of respondent's initial burden of production (i.e., whether he has provided sufficient evidence that the procedural requirements of section 6751(b) have been met), the record establishes that the penalty was "automatically calculated through electronic means," *see* § 6751(b)(2)(B), because it was calculated through the IRS's AUR Program. As such it is excepted from the written supervisory approval requirement of section 6751(b)(1), and thus respondent has no burden of production as to the approval of the penalty. *See Walquist*, 152 T.C. at 73.

Application of the accuracy-related penalty may be avoided with respect to any portion of an underpayment for which the taxpayer shows that he had reasonable cause and acted in good faith. § 6664(c)(1); *Higbee*, 116 T.C. at 446–47. The determination of whether the taxpayer had reasonable cause and acted in good faith depends upon the pertinent facts and circumstances of a particular case. Treas. Reg. § 1.6664-4(b)(1). We consider, among other factors, the experience, education, and sophistication of the taxpayer; however, the principal consideration is the extent of the taxpayer's efforts to assess the proper tax liability. *Id.*; *see also Higbee*, 116 T.C. at 448. Taking into consideration the taxpayer's experience, education, and sophistication, an honest misunderstanding of fact or law may indicate reasonable cause and good faith. *Higbee*, 116 T.C. at 449 (citing *Remy v. Commissioner*, T.C. Memo. 1997-72). In addition, reliance on professional advice may indicate reasonable cause and good faith if, in the light of all the facts and circumstances, such reliance was reasonable and the taxpayer acted in good faith. *Id.* at 448–49.

At trial petitioner appeared sincere but seemed a little confused as to the tax treatment of the income he admitted receiving from freelance movie review writing and selling movie-related memorabilia in 2019. To be sure, his sophistication regarding federal income tax

**[*8]** matters is rather limited in the light of his educational background, but he has been in business for himself over 30 years and indeed he acknowledged at trial that he always just pays the penalty for failure to pay estimated tax when he files his return each year (as he did for 2019). He also stated that H&R Block prepared his 2019 return, but that statement alone does not show that he actually relied on advice from a tax professional during the preparation process. Accordingly, we find that petitioner failed to present persuasive evidence of a cognizable effort to assess his proper tax liability or reasonable cause for the error. Because the understatement of income tax was by definition substantial, we will sustain the penalty.

We have considered all of the arguments made by the parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*